UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Advantus Capital Management, Inc. ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No. | |
| ) | | |
| v. ) | **JURY TRIAL DEMANDED** | |
| ) | | |
| Adventus Asset Management, LLC, ) | | |
| ) | **COMPLAINT** | |
| Defendant. ) | | |
| ) | | |

Plaintiff Advantus Capital Management, Inc., by way of complaint against the Defendant, states and alleges as follows:

### THE PARTIES

1. Plaintiff Advantus Capital Management, Inc. (Advantus) is a Minnesota Corporation having its principal place of business at 400 North Robert Street, St. Paul, MN 55101.

2. Defendant Adventus Asset Management, LLC (Adventus) is a Delaware Limited Liability Company having its principal place of business at 350 Fifth Avenue, New York, NY 10118.

3. This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338 as well as 15 U.S.C. § 1121.

4. Plaintiff is the owner of United States Trademark Registration No. 2,663,467 for the mark ADVANTUS® for mutual fund, investment advisor and asset management services. The United States Patent and Trademark Office issued the above-mentioned Registration in

compliance with law on December 17, 2002.  A copy of the relevant details of Plaintiff's Registration, as published by the United States Patent and Trademark Office is attached hereto as Exhibit "A."  Plaintiff has used the name and mark ADVANTUS to identify itself and its various business services since at least as early as February 9, 1995, and continuously thereafter up to and including the present time.  Plaintiff currently has approximately fifteen billion dollars ($15,000,000,000.00) in assets under management, and operates approximately eleven mutual funds offered to investors under the following names, trademarks and stock trading symbols:

| | |
|---|---|
| Advantus Bond;B | ADFBX |
| Advantus Horizon;B | ADHBX |
| Advantus Horizon;A | ADIOX |
| Advantus Mortgage;B | ADMBX |
| Advantus Enterprise;B | ADEBX |
| Advantus Spectrum;B | ADSBX |
| Advantus Enterprise;A | ADEFX |
| Advantus Index 500;B | ADIBX |
| Advantus Index 500;A | ADIAX |
| Advantus Cornerstone;B | ADCBX |
| Advantus Intl Bal;B | |

Plaintiff's investment funds, and investment advising services are well known and held in high regard.  Plaintiff has expended considerable resources in developing its ADVANTUS products, its reputation, and its variety of services. Plaintiff's ADVANTUS trademark is well known.

5.      Since at least about 1995, Plaintiff has been commercially using the ADVANTUS mark in connection with its business activities in interstate commerce.  Since about 2002, Plaintiff has given notice of its registered rights in its ADVANTUS mark by using the ® symbol.

6.      Plaintiff has expended a substantial amount of money and effort in advertising and promoting its ADVANTUS family of marks and investment and advising services.

Plaintiff's substantial promotional, advertising, publicity, and public relations activities further promote the recognition and goodwill associated with its ADVANTUS family of marks. These activities include promotion in print media, on the Internet at www.advantuscapital.com and in presentations of numerous kinds to business prospects and customers. Plaintiff works with registered representatives authorized to offer its products to individuals nationwide.

7. Recently, on or about February 17, 2005, Defendant Adventus filed a Uniform Application for Investment Advisor Registration (Form ADV) with the Securities and Exchange Commission (SEC). That document was assigned IARD/CRD Number 133232 and evidences the intent of Adventus to become a Registered Investment Advisor using the name Adventus Asset Management, LLC. According to the Form ADV filed by Adventus, Adventus intends to offer a series of investment funds under the following names and trademarks:

    Adventus Dow Jones U.S. 2010 Fund

    Adventus Dow Jones U.S. 2015 Fund

    Adventus Dow Jones U.S. 2020 Fund

    Adventus Dow Jones U.S. 2030 Fund

    Adventus Dow Jones U.S. 2040 Fund.

8. Adventus is currently in the 120-day waiting period after filing its Form ADV with the SEC. The waiting period expires on June 17, 2005. On information and belief, Adventus has not started to make commercial and public use of its name and trademark through sales, as to do so at this time would be illegal. Adventus operates the web site www.adventusfunds.com. This website describes Defendant's services as "A new Standard in

Mutual Fund Investing." A copy made on June 10, 2005 of the display on this website is attached hereto as Exhibit "B."

9. Defendant's activities, and its operation of a web site at www.adventusfunds.com as well as its use, to date, of the mark ADVENTUS are in violation of Plaintiff's rights.

10. Defendant has been made aware of the Plaintiff's prior rights by letter and, to date, has refused to cease and desist from its plans to market investment funds under confusingly similar and deceptively similar names and trademark to those long used by Plaintiff. In addition, Defendant has constructive notice of the Plaintiff's rights through the Plaintiff's use of the ® symbol in connection with its mark since about 2002.

11. These activities are likely to create confusion in the marketplace, risk creating deception and possible defrauding of investors who falsely believe the Adventus Funds come from, are approved by, are a line extension of, or are managed by Advantus Funds, or Advantus Capital Management. The activities of Adventus place at risk the significant investment and reputation of Advantus. The potential harm to investors should negative news or results about Adventus cause inefficiencies or disorderly selling of Advantus funds' shares is enormous and irreparable. On information and belief, Adventus could not respond in damages sufficient in amount to compensate Advantus, or its investors, for such loses. Thus, it is imperative that prior to June 17, 2005 Defendant be enjoined from using the mark ADVENTUS.

12. The trademarks Advantus and Adventus are identical except for the substitution of a single vowel in the middle of the word, where the "a" in Advantus has become an "e" in Adventus. The trademarks of the parties are confusingly similar and deceptively similar.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

13. Plaintiff repeats and realleges paragraphs 1-12.

14. Plaintiff owns the ADVANTUS trademark and its certificate of registration is *prima facie* evidence of its ownership of the mark, the validity of the registration, and its exclusive right to use that mark in commerce with respect to the services of mutual funds, investment advising, and asset management services.

15. The Defendant has used on the Internet, and intends to use in commerce, a mark or marks confusingly similar to the Plaintiff's federally-registered mark, in connection with the advertising, promotion, and/or sale of their investment advising services, and their line of mutual funds. The mark Adventus is virtually identical to Plaintiff's Advantus mark. Adventus intends to provide closely related services to those of Plaintiff without the consent of the Plaintiff in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those services.

16. The Defendant's actions constitute trademark infringement under 15 U.S.C. § 1114. Defendant's actions were taken in a negligent, or grossly negligent manner, or in a willful, deliberate, or intentional plan in disregard of Plaintiff's rights. This case is exceptional under the Lanham Act.

17. Plaintiff has been damaged by the actions of the Defendant in an amount that is undetermined, but believed to be in excess of $100,000. If the acts of Defendant are allowed to continue, the Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION

18.     Plaintiff repeats and realleges paragraphs 1-17.

19.     The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. §§ 1051-1127.

20.     The Defendant's acts constitute a willful false designation of origin and misrepresentation in violation of 15 U.S.C. § 1125(a), causing damage and injury to Plaintiff and threatening to create irreparable harm and injury for which Plaintiff has no adequate remedy at law.

## COUNT III
## DECEPTIVE TRADE PRACTICES ACTS

21.     Plaintiff repeats and realleges the foregoing paragraphs 1-20.

22.     This cause of action arises under the Delaware Deceptive Trade Practices Act, 6 Del. C. §2531-36, and the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq*.  Jurisdiction is founded on 28 U.S.C. § 1338 or, alternatively, upon principles of supplemental, pendent, and ancillary jurisdiction.  The amount in controversy before this Court exceeds $75,000.

23.     Defendants' activities complained of constitute violations of the Delaware Deceptive Trade Practices Act, and the Minnesota Deceptive Trade Practices Act and cause damage to the Plaintiff.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury under Federal Rule of Civil Procedure 38.

WHEREFORE, Advantus Capital Management prays that the Court enter an order:

A.  Temporarily, and then preliminarily, and then permanently enjoining and restraining the Defendant, its members, managers, directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendants:

1. From infringing Plaintiff's trademark ADVANTUS and/or committing any acts of unfair competition and/or from implying a false designation of origin or a false description or representation with respect to Plaintiff's mark ADVANTUS;

2. From committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services which are not Plaintiff's goods/services as those of Plaintiff;

3. From using in any manner advertising, marketing materials, investors materials prospectus documentation, offerings, placements, filings with governmental agencies, or other materials related to the Defendant's services, bearing the word ADVENTUS and any other mark, word, or name confusingly similar to Plaintiff's mark ADVANTUS;

4. From making any statements on promotional materials or advertising for the Defendant's investment advising services, mutual fund services, on the internet, or in commerce, which are false or misleading as to source or origin; and

     5.     From committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendant's goods/services are the goods/services of Plaintiff or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff under the supervision or control of Plaintiff.

    B.     An order requiring that the Defendant deliver up to Plaintiff any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way unlawfully use or make reference to ADVENTUS in connection with Defendant's services.

    C.     An order requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction, file with the Court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to paragraphs A and B above.

    D.     An order requiring Defendant to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendant's profits, Plaintiff's attorneys fees, and costs, and ordering that the amount of damages awarded Plaintiff be increased three times the amount thereof.

    E.     Awarding Plaintiff such other relief as the Court may deem just and proper.

                                        ADVANTUS CAPITAL MANAGEMENT, INC.

                                        By its attorneys,

Date:   June _____ ,2005          By: _____
                                        Arthur G. Connolly, Jr. (I.D. #496)
                                        Arthur G. Connolly, III (I.D. #2667)
                                        CONNOLLY, BOVE, LODGE & HUTZ LLP
                                        The Nemours Building
                                        1007 North Orange Street
                                        Wilmington, DE 19801
                                        302.658.9141

Of Counsel:

John A. Clifford (#134,181)
Kristine M. Boylan (#284634)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Telephone No.:  (612) 332-5300
Telefacsimile No.:  (612) 332-9081